UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| JESSICA COLLINS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>- against -<br><br>WAFFLE HOUSE, INC.,<br><br>Defendant | 5:22-cv-00295<br><br><br>Class Action Complaint<br><br>Jury Trial Demanded |

Plaintiff alleges upon information and belief, except for allegations about Plaintiff, which are based on personal knowledge: Waffle House Inc.,

1.   Waffle House, Inc. ("Defendant") sells combinations of (1) two eggs with toast and either grits, hash browns, or sliced tomatoes, (2) a waffle and (3) bacon, sausage, or ham for $10.00, less than the $13.25 it previously was sold for ("All-Star Special" or "Product").[1]



---

[1] The other pictures show prior menus and pricing.





2. The $10.00 price is misleading because these three items were not previously sold together at the strikethrough price of $13.25.

3. This means the reference price does not provide a legitimate basis for advertising a price comparison to the offered price. 16 C.F.R. § 233.1(a).

4. By listing the All-Star Special price as formerly $13.25, the "bargain" advertised to customers is a false one, such that they are not receiving the unusual value they expect because the $10.00 price is its regular price.

5. The $13.25 is based on the total price of the three items when purchased separately,

because the toast, eggs and grits, hash browns or tomatoes costs $5.25, the waffle costs $4.50 and the bacon, sausage, or ham costs $3.50.

6. To the extent any savings or value is alleged through the savings of $3.25 or 32% when the All-Star Special is purchased at $10.00, this is a false bargain based on the purchase of other merchandise. 16 C.F.R. § 233.4(a).

7. In a typical example, a merchant will offer a customer bargains in the form of additional merchandise on the condition they purchase a particular article at the price usually offered.

8. This includes promotions like "Buy One – Get One Free," "2-For-1 Sale," "Half Price Sale," and "50% Off."

9. In the example of the All-Star Special, the customer is enticed to buy the Breakfast Meal and waffle for almost $10.00 ($9.75) at which point they will receive the bacon, sausage or ham for free, instead of having to pay $3.50.

10. However, because the All-Star Special was not sold at the strikethrough price of $13.25, getting the bacon, sausage or ham without paying more than $10.00 is not the bargain or value customers expect.

## Jurisdiction and Venue

11. Jurisdiction is based on the Class Action Fairness Act of 2005 ("CAFA"). 28 U.S.C. § 1332(d)(2).

12. The aggregate amount in controversy exceeds $5 million, including any statutory and punitive damages, exclusive of interest and costs.

13. Plaintiff is a citizen of Florida.

14. Defendant is a Georgia corporation with a principal place of business in Georgia.

15. The class of persons Plaintiff seeks to represent includes persons who are citizens of different states from which Defendant is a citizen.

16. The members of the class Plaintiff seeks to represent are more than 100, because the challenged practices have occurred consistently across Defendant's thousands of locations in the States Plaintiff seeks to represent.

17. Venue is in this District with assignment to the Panama City Division because a substantial part of the events or omissions giving rise to these claims occurred in Holmes and Washington Counties, including Plaintiff's purchase, reliance on the identified statements, and subsequent awareness they were false and misleading.

## Parties

18. Plaintiff Jessica Collins is a citizen of Bonifay, Holmes County, Florida.

19. Defendant Waffle House, Inc. is a Georgia corporation with a principal place of business in Norcross, Gwinnett County, Georgia.

20. Defendant operates over 1,900 Waffle House restaurants, known for its fast service of freshly prepared food, across twenty-five states, with a majority of locations in the southern states.

21. Plaintiff purchased the Product at Waffle House locations including but not necessarily limited to 1680 Main St, Chipley, Florida 32428 in 2022 and/or among other times.

22. Plaintiff saw the strikethrough prices and believed it was how much the items were previously sold at, such that she was receiving a bargain.

23. Plaintiff paid more for the Product than she would have had she known the above-referenced facts or would not have purchased it.

24. The value of the Product that Plaintiff purchased was not as high as Defendant

4

represented it to be nor was her discount or bargain what she expected.

25. Plaintiff is unable to rely on the labeling and representations not only of this Product, but other products marketed with strikethrough prices because she is unsure whether those representations are truthful.

## Class Allegations

26. Plaintiff seeks certification under Fed. R. Civ. P. 23 of the following classes:

> **Florida Class:** All persons in the State of Illinois who purchased the Product during the statutes of limitations for each cause of action alleged; and
>
> **Consumer Fraud Multi-State Class**: All persons in the States of Texas, Kentucky, Louisiana, Oklahoma, Mississippi, Virginia, Arkansas, Alabama and Arizona who purchased the Product during the statutes of limitations for each cause of action alleged.

27. Common questions of issues, law, and fact predominate and include whether Defendant's representations were and are misleading and if Plaintiff and class members are entitled to damages.

28. Plaintiff's claims and basis for relief are typical to other members because all were subjected to the same unfair, misleading, and deceptive representations, omissions, and actions.

29. Plaintiff is an adequate representative because her interests do not conflict with other members.

30. No individual inquiry is necessary since the focus is only on Defendant's practices and the class is definable and ascertainable.

31. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest relative to the scope of the harm.

32. Plaintiff's counsel is competent and experienced in complex class action litigation

and intends to protect class members' interests adequately and fairly.

33. Plaintiff seeks class-wide injunctive relief because the practices continue.

Florida Deceptive and Unfair Trade Practices Act
("FDUTPA"), Fla. Stat. § 501.201, *et seq.*

34. Plaintiff incorporates by reference all preceding paragraphs.

35. Plaintiff saw and relied on the strikethrough prices to believe she was getting a bargain and a good deal.

36. Plaintiff would not have purchased the Product or paid as much if the true facts had been known, suffering damages.

Violation of State Consumer Fraud Acts
(Consumer Fraud Multi-State Class)

37. The Consumer Fraud Acts of the States in the Consumer Fraud Multi-State Class are similar to the consumer protection statute invoked by Plaintiff and prohibit the use of unfair or deceptive business practices in the conduct of commerce.

38. The members of the Consumer Fraud Multi-State Class reserve their rights to assert their consumer protection claims under the Consumer Fraud Acts of the States they represent and/or the consumer protection statute invoked by Plaintiff.

39. Defendant intended that members of the Consumer Fraud Multi-State Class would rely upon its deceptive conduct, which they did, suffering damages.

Breaches of Express Warranty,
Implied Warranty of Merchantability/Fitness for a Particular Purpose

40. The Product at the price indicated was manufactured, identified, marketed, and sold by Defendant and expressly and impliedly warranted to Plaintiff that the strikethrough prices were the bona fide prices the three items were previously sold for in a combination and that by purchasing at the new price, they were getting a bargain and deal.

41. Defendant directly marketed the Product at the price indicated to Plaintiff through its advertisements and marketing, through various forms of media, on the packaging, in print circulars, direct mail, product descriptions, and targeted digital advertising.

42. Defendant knew the product attributes that potential customers like Plaintiff were seeking and developed its marketing and labeling to directly meet their needs and desires, which was wanting to get a bargain and deal.

43. The representations about the Product's price were conveyed in writing and promised it would be defect-free, and Plaintiff understood this meant the strikethrough prices were the bona fide prices the three items were previously sold for in a combination and that by purchasing at the new price, she was getting a bargain and deal.

44. Defendant's representations affirmed and promised that the strikethrough prices were the bona fide prices the three items were previously sold for in a combination and that by purchasing at the new price, customers were getting a bargain and deal.

45. Defendant described the Product so Plaintiff believed the strikethrough prices were the bona fide prices the three items were previously sold for in a combination and that by purchasing at the new price, she was getting a bargain and deal, which became part of the basis of the bargain that it would conform to its affirmations and promises.

46. Defendant had a duty to disclose and/or provide non-deceptive descriptions and marketing of the Product.

47. This duty is based on Defendant's outsized role in the market for homestyle restaurant food, as the beloved Waffle House brand.

48. Plaintiff recently became aware of Defendant's breach of the Product's warranties.

49. Plaintiff provided or provides notice to Defendant, its agents, representatives,

retailers, and their employees that it breached the Product's warranties.

50. Defendant received notice and should have been aware of these issues due to complaints by third-parties, including regulators, competitors, and consumers, to its main offices, and by consumers through online forums.

51. The Product at the price indicated did not conform to its affirmations of fact and promises due to Defendant's actions.

52. The Product was not merchantable at the price indicated because it was not fit to pass in the trade as advertised, not fit for the ordinary purpose for which it was intended and did not conform to the promises or affirmations of fact made on the packaging, container, or label, because it was marketed as if the strikethrough prices were the bona fide prices the three items were previously sold for in a combination and that by purchasing at the new price, Plaintiff was getting a bargain and deal,

53. The Product was not merchantable at the price indicated because Defendant had reason to know the particular purpose for which the Product was bought by Plaintiff, because she expected the strikethrough prices were the bona fide prices the three items were previously sold for in a combination and that by purchasing at the new price, she was getting a bargain and deal, and she relied on its skill and judgment to select or furnish such a suitable product.

## Unjust Enrichment

54. Defendant obtained benefits and monies because the Product's price was not as represented and expected, to the detriment and impoverishment of Plaintiff and class members, who seek restitution and disgorgement of inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE**, Plaintiff prays for judgment:

1. Certifying Plaintiff as representative and the undersigned as counsel for the classes;

2. Entering preliminary and permanent injunctive relief by directing Defendant to correct the challenged practices to comply with the law;

3. Awarding monetary, statutory and/or punitive damages and interest;

4. Awarding costs and expenses, including reasonable attorney and expert fees; and

5. Other and further relief as the Court deems just and proper.

Dated:   December 17, 2022

Respectfully submitted,

/s/ Spencer Sheehan
Sheehan & Associates, P.C.
60 Cuttermill Rd Ste 412
Great Neck NY 11021
(516) 268-7080
spencer@spencersheehan.com